UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL N.,

            Plaintiff,

      -v-                         5:23-CV-175

COMMISSIONER OF
SOCIAL SECURITY,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:  OF COUNSEL:

OLINSKY LAW GROUP  HOWARD D. OLINSKY, ESQ.
Attorneys for Plaintiff
250 South Clinton Street, Suite 210
Syracuse, NY 13202

SOCIAL SECURITY  GEOFFREY M. PETERS, ESQ.
   ADMINISTRATION  Special Ass't U.S. Attorney
Attorneys for Defendant
6401 Security Boulevard
Baltimore, MD 21235

DAVID N. HURD
United States District Judge

## **ORDER ON MOTION FOR ATTORNEY'S FEES**

On February 8, 2023, plaintiff Michael N.[1] ("plaintiff") filed this civil action seeking review of the final decision of defendant Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"). Dkt. No. 1. The matter was initially assigned to Senior U.S. District Judge Gary L. Sharpe.

On May 1, 2023, the parties stipulated to vacate the Commissioner's final decision and remand plaintiff's claim for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. No. 9. A judgment was entered that day. Dkt. No. 11. Thereafter, the parties stipulated to an award of attorney's fees under the Equal Access to Justice Act ("EAJA"). Dkt. Nos. 12–15. On remand, plaintiff won a benefits award.

On February 24, 2025, plaintiff's attorney moved for a further award of attorney's fees pursuant to 42 U.S.C. § 406(b), which authorizes a court to grant a "reasonable" fee in a successful Social Security benefits action.[2] Dkt.

---

[1] In accordance with a May 1, 2018 memorandum issued by the Judicial Conference's Committee on Court Administration and Case Management and adopted as local practice in this District, only claimant's first name and last initial will be mentioned in this opinion.

[2] Congress has authorized fee awards under both the EAJA (payable by the Government) and under § 406(b) (payable out of a claimant's past-due benefits). However, when an attorney seeks fees under both provisions, the EAJA award is treated as an offset: the claimant's attorney must refund to the claimant the amount of the smaller fee.

No. 16. The Commissioner has responded.[3] Dkt. No. 17. The matter has been reassigned to this Court for a decision. Dkt. No. 18. The motion will be considered on the basis of the submissions without oral argument.

Originally passed in 1965, the effect of § 406(b) is threefold: "it fixes a maximum percentage for contingent fees of twenty-five percent; it permits recovery of such fees only out of past due benefits, and it requires court approval for whatever amount of fees should be paid." *Fields v. Kijakazi*, 24 F.4th 845, 852 (2d Cir. 2022) (cleaned up).

The "court approval" contemplated by § 406(b) is "reasonableness" review, which includes consideration of factors such as: (1) whether the percentage is within the 25% cap; (2) whether there has been fraud or overreaching; (3) whether the requested amount is a windfall to the claimant's attorney; (4) the character and results of the representation; (5) the amount of time spent on the case; (6) whether the attorney is responsible for any delay; and (7) the normal charge for non-contingent-fee cases. *BillyJo M. v. Comm'r of Soc. Sec.*, 568 F. Supp. 3d 309, 311 (W.D.N.Y. 2021) (cleaned up) (collecting cases); *see also Fields*, 24 F.4th at 854.

---

[3] The Commissioner has no direct financial stake in the outcome. *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002) (explaining that Commissioner "plays a part in the fee determination resembling that of a trustee for the claimants"). Even so, as Social Security can be a convoluted area of law, the Court thanks the Commissioner for his input.

- 3 -

Upon review of the submissions in light of the governing law, plaintiffs' request for a § 406(b) fee will be granted. Briefly stated, the record reflects that plaintiff's counsel has acted diligently to achieve a favorable result for their client.

As the Commissioner points out, the fee requested by plaintiff's counsel results in a *de facto* hourly rate of $2,000. But the Second Circuit has approved similar *de facto* rates in light of the nature of these cases. *See Fields*, 24 F.4th at 856 & n.10 (approving *de facto* rate of $1,556.98 and collecting cases assessing a range of hourly rates as high as $2,100). Further, the requested fee does not exceed twenty-five percent of the past-due benefits. And there is no indication that it would amount to a "windfall" under the circumstances. Accordingly, the requested fee is "reasonable."

Therefore, it is

ORDERED that

1. Plaintiff's motion for attorney's fees is GRANTED;

2. A fee in the amount of $6,050.00 is AUTHORIZED to be paid from the claimant's past-due benefits; and

3. Plaintiff's attorney must surrender to plaintiff any fee previously received under the EAJA.

IT IS SO ORDERED.

David N. Hurd
U.S. District Judge

Dated: May 28, 2025
       Utica, New York.